## MINNESOTA STOVE COMPANY v. JOHN CAVANAUGH AND OTHERS.[1]

December 24, 1915.

Nos. 19,472—(128).

**Injunction.**

1. Facts examined and *held* sufficient to justify the issuance of a temporary injunction.

**Intimidating fellow servants.**

2. Workmen may go on a strike and may use legitimate means to induce other workmen to join them or to refrain from taking the positions vacated by them; but may not go to the extent of intimidating, coercing or terrorizing such other employees.

**Injunction — terms modified.**

3. The injunction is modified by striking therefrom a paragraph which might be construed as forbidding defendants from using legitimate means to induce other workmen to quit plaintiff's service.

Action in the district court for Scott county to restrain defendants, their confederates and all other persons, from interfering with plaintiff's free use of its property, from entering its premises for the purpose of interfering with its business and from attempting to induce its employees to refuse to perform their duties as such, and from inducing by threats, intimidation or violence any of its employees to leave its service or to prevent by violence any person from entering its service or going upon its premises for any lawful purpose whatsoever, and from gathering or assembling near its premises or upon the approaches to its factory for the purpose of intimidating its employees, or from threatening, or by the use of abusive language intimidating, at any place within the city of Shakopee, its employees from continuing in or any person from entering into its service. Plaintiff obtained an order directing defendants to

1 Reported in 155 N. W. 638.

Note.—As to injunction against strikes, see note in 28 L.R.A. 464.

As to right, in aid of strike, to employ peaceable persuasion to induce persons not under contract to quit, see note in 41 L.R.A.(N.S.) 445.

show cause why a temporary injunction should not be granted *pendente lite*. The application was heard before Morrison, J., who made findings and ordered the issue of a temporary writ. From the order granting the injunction, defendants appealed. Affirmed as modified.

*E. and W. N. Southworth* and *W. C. and W. F. Odell,* for appellant.

*Joseph J. Moriarty* and *Julius A. Coller,* for respondent.

TAYLOR, C.

Plaintiff is engaged in manufacturing stoves, ranges and heaters at Shakopee, and defendants were employed in its foundry as molders. In March, 1915, defendants declared a strike, quit work and "picketed" the plant. Plaintiff employed other molders and trouble followed. Plaintiff, in a somewhat lengthy complaint, sets forth charges to the effect that defendants, acting in combination and jointly, are interfering with its business, and are attempting by means of threats, abuse and violence to intimidate and terrorize its employees and compel them to quit its service; and asks that defendants be enjoined from entering upon its premises for the purpose of interfering with its business, and from using threats, coercion, intimidation or violence to force its employees to leave their employment. Defendants interposed an answer in which they admit going out on a strike and picketing the plant, but deny in detail all charges as to threats, abuse, coercion, intimidation and violence. Plaintiff made an application for a temporary injunction during the pendency of the action. This application was submitted upon the complaint and answer supported by affidavits *pro* and *con* and by certain records of the municipal court. The trial court found as a fact that all the allegations contained in the complaint were true, also that the charges set forth in certain affidavits were likewise true; and issued the temporary injunction as prayed for. Defendants appealed.

1. Defendants contend that the evidence is not sufficient to sustain the findings of fact nor to justify the issuance of the injunction. The claim that defendants were acting jointly and in concert is not controverted but in effect admitted. Three of defendants entered a plea of guilty in the municipal court to a charge of using abusive language, tending to provoke an assault, to and concerning certain of plaintiff's employees. Another defendant was convicted by a jury of an assault

in the third degree upon another of plaintiff's employees. The evidence also shows that defendants are accustomed to congregate at the entrance to plaintiff's works whenever plaintiff's employees are about to leave for their meals, and to apply abusive language and vile epithets to such employees, and threaten them with bodily injury; that at other times and places defendants repeatedly have threatened injury to such employees, and have used vile and abusive language not only to them but also to members of their families; and that defendants have intimidated certain of such employees to such an extent that they are about to quit plaintiff's service for fear of suffering bodily harm if they do not do so. The evidence is sufficient to sustain the findings of the trial court, and such findings are sufficient to justify the issuance of the injunction.

2. Defendants also contend that the language of the injunction is too broad and restrains them from doing things which they may lawfully do. Among other things the injunction commands defendants to refrain "from compelling or inducing or attempting to compel or induce employees of the plaintiff to refuse or fail to perform their duties as such employees, from compelling, or inducing or attempting to compel or induce by abusive language, threats, intimidation, force, coercion or violence of any nature whatever, any of the employees of said plaintiff to leave the service of said plaintiff or in any manner interfering with them while they are in the employ of the plaintiff, while going to or returning from work or going to or from the premises of the plaintiff."

Defendants had the right to unite in a strike, and to use legitimate means to induce other workmen to join them, or to refrain from taking the positions vacated by them, but this right does not permit them to go to the extent of intimidating, coercing or terrorizing such other workmen. Defendants contend that requiring them to refrain "from compelling or inducing or attempting to compel or induce employees of the plaintiff to refuse or fail to perform their duties as such employees," prevents them from using legitimate argument and persuasion to induce such employees to quit plaintiff's service. Insofar as the injunction forbids compulsion or coercion it is proper enough, but insofar as it forbids defendants from attempting at proper times and places, by peaceful and legitimate persuasion, to induce other workmen to quit plaintiff's service, it infringes upon the privilege which the law accords to de-

fendants. That portion of the paragraph complained of which forbids defendants "from * * * inducing or attempting to * * * induce employees of the plaintiff to refuse or fail to perform their duties as such employees," is too broad. All that is properly included in that paragraph is fully and clearly covered by the paragraph which follows it, and the paragraph complained of should be stricken out to avoid uncertainty and controversy. The trial court will modify the injunction by striking therefrom the following paragraph: "from compelling or inducing or attempting to compel or induce employees of the plaintiff to refuse or fail to perform their duties as such employees;" and as so modified the order appealed from is affirmed.